823 So.2d 593 (2002)
Julius Lionel DRAKE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-01975-COA.
Court of Appeals of Mississippi.
July 30, 2002.
Julius Lionel Drake, Pro Se, attorney for appellant.
Office of the Attorney General by Charles W. Maris, Jr., attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES, and BRANTLEY, JJ.
BRIDGES, J., for the court.
¶ 1. Julius Lionel Drake pled guilty to one count of armed robbery and two counts of aggravated assault on March 10, 1998, in the Circuit Court of Neshoba *594 County, Mississippi. The plea was accepted and Drake was sentenced to thirty years, without the benefit of parole, for the charge of armed robbery and twenty years each for the counts of aggravated assault. Furthermore, the sentences were to run concurrently and all were to be served in the Mississippi Department of Corrections. A motion for post-conviction relief was filed and summarily denied by the trial court. Drake raises only one issue on appeal: whether the State's offer of proof was an adequate factual basis for the acceptance of his guilty plea. Finding no error with the denial of the post-conviction relief motion, we affirm.

Statement of the Facts
¶ 2. The underlying facts depicting the outline of the case are not in dispute, nor are they detailed in the record herein. However, we conclude from the information provided that Drake entered a store in Neshoba County in an attempt to rob the store. During the robbery, it appears that Drake shot both the store owner and an employee.
¶ 3. During the plea colloquy, the trial judge questioned Drake extensively about the crimes with which he was charged and the punishments associated with such crimes. The trial judge had the indictment read to Drake and Drake responded that he wanted to plead guilty to all three counts as they were read to him. The trial judge repeatedly asked Drake if he understood what he was doing by pleading guilty to the crimes to which Drake answered that he did. Drake stated that he understood he was waiving his constitutional rights to a trial and the ability to question the witnesses testifying against him. Drake stated that he understood the crime of armed robbery was a capital offense that would make him ineligible for parole.

Standard of Review and Legal Analysis
¶ 4. Uniform Rules of Circuit and County Court Rule 8.04(A)(3) requires that in order for the trial court to accept a guilty plea, there must be a factual basis for the guilty plea. Drake contends that there was not a sufficient factual basis to find him guilty of armed robbery and aggravated assault.
¶ 5. Upon review of this issue, this Court looks to the entire record. Corley v. State, 585 So.2d 765, 767-68 (Miss. 1991). "A factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Rules of evidence might be relaxed at plea hearings." Id. at 767.
The purpose of the factual basis rule is to "push the court to delve beyond the admission of guilty lying on the surface and determine for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable."
Gaskin v. State, 618 So.2d 103, 106 (Miss. 1993).
¶ 6. A guilty plea by its very nature is an admission of guilt. Id. In the case at bar, the trial judge conducted a lengthy discussion with Drake regarding the voluntariness and consequences of his plea. The indictment setting forth the counts against Drake was read in open court. The elements of the crimes in this case were listed in the indictment and are part of the record. It has been held that "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." U.S. v. Hinojosa-Lopez, 130 F.3d 691, 695 (5th Cir.1997). The indictment was specific and comprehensive and Drake admitted his guilt upon the conclusion of the reading of the indictment.
*595 ¶ 7. Drake was aware of the charges against him and the consequences that would result upon entering a guilty plea. He still chose to enter such a plea. Drake swore to the trial court that he had competent representation and that the elements of the crime were explained to him. He further stated that his counsel read him the written guilty plea and that he understood what it stated.
¶ 8. Our review of the entire record revealed that there was a factual basis for the trial court to accept Drake's guilty plea. As such, we affirm the lower court's denial of Drake's motion for post-conviction relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY DENYING APPELLANT'S MOTION FOR POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.