919 So.2d 1067 (2005)
Nathaniel Ray MILLER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CA-00485-COA.
Court of Appeals of Mississippi.
July 19, 2005.
*1068 Jim Waide, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
BRIDGES, P.J., for the Court.
¶ 1. On October 13, 2003, Nathaniel Miller pled guilty to the charge of aggravated assault in the shooting of Timothy Brewer. Miller was sentenced to twenty years with ten years suspended.
¶ 2. On December 29, 2003, Miller filed a petition for post-conviction relief. The trial court entered an order, without a hearing, denying Miller's motion for post-conviction relief. Miller has appealed and raised the following three issues:
I. The trial court erred in finding that there was a factual basis upon which to accept Nathaniel Miller's guilty plea.
II. Nathaniel Miller's federal and state due process rights were violated by the presentation of false testimony during his sentencing hearing and by the failure of the trial judge to learn the circumstances of an offense before imposing sentence. This also violates the fundamental fairness request of the due process clause of the United States Constitution Amendment 14.
III. The trial court erred in finding that Nathaniel Miller failed to prove that his attorney was ineffective.
We find no error we affirm the judgment of the circuit court.

FACTS
¶ 3. On the night of January 18, 2003, Nathaniel Miller and several young men met on a country road with the intention of fighting over a girl. When two of the young men got out of their vehicles, Miller pulled a gun and started shooting. All the young men left in a hurry in several vehicles. Miller continued shooting and one of the shots went through the back window of a truck and struck the driver's shoulder. Miller contends that he did not intend to shoot Timothy Brewer and that the wound was not serious. Miller contends that he was only shooting up in the air or in the ground.
¶ 4. At his guilty plea hearing, Miller was advised of his rights and those that he would be giving up as a result of pleading guilty. After the charge was read, Miller was asked if he understood it and then was asked if he was guilty of the charge and if he understood that the State was not making any recommendation as to the sentence. Miller responded affirming that he understood.
¶ 5. Miller expressed complete satisfaction with his attorney. Miller further stated that he had nothing to say or ask of the court prior to the acceptance of his guilty plea. The court accepted Miller's guilty plea and set sentencing for two days later.
¶ 6. At the sentencing hearing, the victim Brewer testified as to what had happened. He said that Miller fired a gun at him as he was driving away and that the bullet shattered the rear window and struck him on the shoulder. The bullet did not penetrate Brewer's shoulder. Two other young men who had been present at the incident leading to the shooting also testified as to the events leading up to the shooting.
*1069 ¶ 7. Deputy Sheriff Tracy Howard was called to testify at the sentencing hearing. He testified that Miller had a child with his stepdaughter, that Miller had been in youth court several times, that he had been accused of shooting at another person on a different occasion, and that Miller had been accused of threatening another person who was to be a witness against him. Officer David Sheffield was also called to testify and corroborated Deputy Howard's testimony that Miller had been involved in another shooting, but that the parties decided not to press charges against Miller.
¶ 8. Miller's grandmother was also called to testify at the sentencing hearing. She stated that she had been responsible for raising Miller and his brother after their parents died. She stated that she was heavily dependent upon Miller and that he was a fine young man at home.
¶ 9. The trial judge stated, "I'm struck by the testimony that this was as senseless as anything I've heard, just simply did not have to happen." The judge then sentenced Miller to twenty years with ten years suspended and imposed a fine of $1,000, restitution of $150 for the auto glass and court costs.

STANDARD OF REVIEW
¶ 10. "In reviewing the trial court's decision to deny a defendant's petition for post-conviction relief, we do not disturb the trial court's findings of fact unless clearly erroneous; however, we apply the de novo standard to questions of law." Harris v. State, 757 So.2d 195, 197(¶ 8) (Miss.2000).

DISCUSSION

I. The trial court erred in finding that there was a factual basis upon which to accept Nathaniel Miller's guilty plea.
¶ 11. Miller contends that the court accepted his guilty plea without first ensuring that there was a factual basis for it. Miller admits that he responded positively when asked if he did commit the crime charged in the indictment, but contends that this was not enough.
¶ 12. In her order denying post-conviction relief, the circuit court was of the opinion that the reading of the indictment and Miller's acknowledgment that he committed the crime stated in the indictment was sufficient, citing Drake v. State, 823 So.2d 593 (Miss.Ct.App.2002). As cited by the appellant, this Court in Drake specifically stated, "It has been held that `if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea.'" Drake, 823 So.2d at 594 (¶ 6), (quoting U.S. v. Hinojosa-Lopez, 130 F.3d 691, 695 (5 Cir.1997)). The indictment in the present case was sufficiently specific to meet the requirements of Drake.
¶ 13. Miller's essential argument is that he did not deliberately and knowingly cause the specific injury to Brewer. Mississippi Code Annotated section 97-3-7(2)(b)(Rev.2000) provides:
A person is guilty of aggravated assault if he attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. . . .
In all his arguments, Miller has not contended that he did not shoot a deadly weapon and that Brewer was not injured. Although the injury was not life threatening or serious does not change the nature of the offense. It is not necessary under the statute that the victim suffer "serious" bodily injury; mere "bodily injury" is sufficient as long as it was caused with "other means likely to produce death or serious *1070 bodily harm." Jackson v. State, 594 So.2d 20, 24 (Miss.1992).
¶ 14. Even if the court were fully unaware of all the circumstances surrounding the guilty plea, the testimony at the sentencing hearing corrected this defect. The victim, Timothy Brewer, and others testified, giving the court additional details in support of the guilty plea. We find that this assignment of error is without merit.

II. Nathaniel Miller's federal and state due process rights were violated by the presentation of false testimony during his sentencing hearing and by the failure of the trial judge to learn the circumstances of an offense before imposing sentence. This also violates the fundamental fairness request of the due process clause of the United States Constitution Amendment 14.
¶ 15. Miller's contention under this assignment of error is that the testimony of Deputy Sheriff Howard was false and deprived him of various rights. However, there is nothing in the record to show that the deputy committed perjury. Miller did file some affidavits with his motion for post-conviction relief which take issue with the testimony. But the trial court in denying the motion for post-conviction relief did not make any finding that the allegations of Miller were meritorious.
¶ 16. Miller does not dispute that he fathered a child with the deputy's stepdaughter, only that this is "misleading." He contends only that the girl's family has not asked for financial support.
¶ 17. The deputy's testimony concerning Miller and another shooting episode was supported and corroborated by testimony from another police officer. There is nothing before the Court to suggest that this testimony from two sources was false.
¶ 18. Miller was given the opportunity to cross-examine Deputy Howard. There is nothing to show that Miller did not have the opportunity to counter this testimony or that he was in any way deprived of his rights in this regard. We find no merit to this assignment.

III. The trial court erred in finding that Nathaniel Miller failed to prove that his attorney was ineffective.
¶ 19. Miller's last claim is that his attorney was ineffective for failing to arrange to have witnesses at the sentencing hearing to present mitigating testimony; for failing to adequately address the deputy's testimony as "false"; and for failing to make a reasonable investigation.
¶ 20. The standard of review for a claim of ineffective assistance of counsel follows the two-part test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, "the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived the defendant of a fair trial." Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App.2003) (citing Hiter v. State, 660 So.2d 961, 965 (Miss.1995)). The defendant "must show that there is a reasonable probability that, but for his attorney's errors, he would have received a different result in the trial court." Id. at (¶ 9). Our review is "highly deferential to the attorney, with a strong presumption that the attorney's conduct fell within the wide range of professional assistance." Id. at (¶ 8).
¶ 21. In its order denying relief, the circuit court found that the sentence would have been the same even if the person who signed affidavits attached to the motion had testified as to the sentencing hearing. The decision to only have one witness, the *1071 grandmother, testify at the sentencing hearing could be characterized as a strategic choice and therefore beyond the scope of ineffective assistance of counsel.
¶ 22. In order to succeed on a claim of ineffective assistance of counsel, Miller must show both the failings of counsel and show that the result would have been different but for counsel's errors. It is a daunting task and one where very few can succeed. In this case, we find that Miller has failed in his burden to show that his counsel was any where near ineffective.
¶ 23. We affirm the judgment denying post-conviction relief.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.