¶ 1. Junior Lee Kimble appeals the dismissal by the Circuit Court of Lee County of his motion for post-conviction relief. Kimble was indicted on two counts of sexual battery and one count of obstruction of justice. Kimble pleaded guilty to all three charges. He was sentenced to concurrent sentences of twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended on each of the sexual battery charges, followed by five years of post-release supervision. He alleges three errors on appeal, all of which we find to be without merit. Therefore, we affirm the judgment of the trial court.
 FACTS ¶ 2. On October 20, 2005, Kimble was charged with two counts of sexual battery of two minor victims on May 11, 2005. In August 2006, he withdrew his plea of not guilty to both charges and pleaded guilty. Following his sentencing, he filed a motion on November 28, 2006, to vacate judgment and sentence, which the trial court treated as a motion for post-conviction relief. The trial court dismissed the motion by order filed on January 10, 2007. In its order the trial court noted that the plea hearing transcripts clearly demonstrated that Kimble's claims for post-conviction relief were without merit and should be summarily dismissed. From this dismissal, Kimble appeals. He asserts the following assignments of error: (1) that the trial court failed to have a factual basis of his guilt before accepting his guilty plea, (2) that his counsel was ineffective, and (3) that the trial court erred by summarily dismissing his post-conviction motion without holding an evidentiary hearing.
 DISCUSSION ¶ 3. In reviewing a trial court's decision to deny a petition for post-conviction relief, this Court will not reverse such a denial absent a finding that the trial court's decision was clearly erroneous. Kirksey v. State,728 So.2d 565, 567 (¶ 8) (Miss. 1999). However, we will review questions of law de novo. Brown v. State,731 So.2d 595, 598 (¶ 6) (Miss. 1999). The trial court's obligation is to review the original motion for post-conviction relief and all files, records, transcriptions, and correspondence relating to the judgment under attack so that the allegations may be resolved upon the merits. Miss. Code Ann. § 99-39-11(1) (Rev. 2007). Kimble bears the burden to prove, by a preponderance of the evidence, that he is entitled to the requested post-conviction relief. Miss. Code Ann. § 99-39-23(7) (Rev. 2007). The judge may dismiss a motion for post-conviction relief without conducting an evidentiary hearing where it appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case, that the movant is not entitled to any relief. Miss. Code Ann. § 99-39-11(2) (Rev. 2007).
(1) Whether the trial court failed to have a factual basisof Kimble's guilt before accepting his guilty plea.
 ¶ 4. Kimble claims that the trial judge lacked a factual basis of his guilt when the judge accepted his guilty plea. Kimble claims that because he pleaded guilty in a group hearing along with several other defendants, who were unrelated to his case, the judge did not determine whether there was a factual basis for his plea. Kimble said the trial judge did not question him to ascertain whether his actions satisfied the elements of the crime charged. Kimble said that after he pleaded guilty, the trial court found him guilty of the charges without ever inquiring into the truth of the charges against him.
 ¶ 5. Kimble correctly points out that, before accepting a guilty plea, the trial *Page 1072 
judge must determine that the plea is being given voluntarily and intelligently and that there is a factual basis for the plea. URCCC 8.04(A)(3). The trial judge explained, in detail, the rights the defendants would have if they did not plead guilty; and each defendant, including Kimble, responded, in turn, that he understood. The trial judge asked each defendant separately whether his plea was voluntary, and Kimble responded that his plea was voluntary.
 ¶ 6. It was not necessary for the trial judge to question Kimble about the specifics of his crimes. This Court has held that "a guilty plea by its very nature is an admission of guilt." Drake v. State, 823 So.2d 593, 594 (¶ 4) (Miss.Ct.App. 2002). Further, "[t]he mere fact that the factual basis does not provide all the details which may be produced at trial does not render the guilty plea fatal." Robinson v.State, 964 So.2d 609, 613 (¶ 12) (Miss.Ct.App. 2007) (citingDrake v. State, 823 So.2d at 594 (¶ 5)). When it is specific, an indictment or information can serve as the only source for factual basis of the guilty plea. Id. The indictments against Kimble clearly stated the specific acts that constituted the sexual battery charges and the obstruction of justice charge. The indictments were read to him at the plea hearing. The maximum and minimum sentences were explained to Kimble. After the charges were read to Kimble, the trial judge asked if Kimble understood the charges. Kimble responded that he understood. The trial judge then asked Kimble if he had in fact committed each of the crimes. Kimble responded that he had. Therefore, Kimble's assertion that there was no factual basis for his plea is without merit.
(2) Whether Kimble received ineffective assistance ofcounsel.
 ¶ 7. Kimble next claims his trial counsel was ineffective for urging him to plead guilty. He claims his counsel told him that if he went to trial and was found guilty, he would be sentenced to two consecutive life sentences plus ten years. To support his claim of ineffectiveness of counsel, Kimble attached two affidavits to his motion, one from his mother, Pauline Kimble, and the other from a "lady friend," Grace Matthews. In the affidavits, the women swore that Kimble told them that his lawyer urged him to plead guilty rather than go to trial because, if convicted, he would have to serve two consecutive life sentences plus ten years. Matthews stated in her affidavit that this information from the lawyer "tore Junior's mother up real bad," because Kimble was sixty-three-years old at the time of the charge, and if found guilty, Kimble would face the rest of his life in prison. Kimble claims that, even though he did not want to plead guilty, he felt he had to because of his lawyer's advice.
 ¶ 8. Kimble also claims that his lawyer was deficient because he allowed Kimble to plead guilty to a faulty indictment, which he claims did not meet the requirements of Mississippi Code Annotated section 99-7-9 (Rev. 2007) and Rule 7.06 of the Uniform Rules of Circuit and County Court Practice. Kimble claims that when he went to his lawyer's office to discuss his case, his lawyer presented him with three indictments all signed only by the assistant district attorney. He claims none of the indictments were signed by the foreman of the grand jury, nor file stamped by the Lee County Circuit Clerk. Kimble made these documents a part of the appellate record. He claims that the indictments were "manufactured by the District Attorney" and were never presented to the grand jury.
 ¶ 9. To prove ineffective assistance of counsel, Kimble must demonstrate that his *Page 1073 
counsel's performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Kimble to prove both prongs of the test. McQuarter v. State, 574 So.2d 685, 687
(Miss. 1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Kimble must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result would have been different. Id. at 694, 104 S.Ct. 2052.
 ¶ 10. It is true that there are three indictments against Kimble for sexual battery in the record signed only by the assistant district attorney which lack the signature of a grand jury foreman and are not stamped filed by the Lee County Circuit Clerk. The State acknowledges that it does not know how the unsigned and unfiled indictments came to be made a part of the record. The State, citing Garrette v. State,763 So.2d 177, 179 (¶ 17) (Miss.Ct.App. 2000), argues that even had one or more of the indictments lacked the signature of the grand jury foreman, this would not have made the indictments fatally defective since a valid guilty plea acts as a waiver to any such defect. While the State's statement of the law is likely correct, we find in the record two indictments from the November 2005 term of the Lee County Circuit Court charging Kimble with committing sexual battery upon two separate female victims. Each of these indictments bears a signature of the grand jury foreman and each was stamped filed on October 20, 2005, by the Lee County Circuit Clerk. We fail to see how the three unsigned and unfiled indictments are cause to grant Kimble relief when there are two valid indictments against him in the record.
 ¶ 11. We find Kimble's argument that his counsel was ineffective because he advised him he would get life sentences if he went to trial to be without merit. His statement about the conversation with the attorney and the affidavits he attached to his pleading contained nothing more than hearsay; that is, he and both women swore about what Kimble was allegedly told by his attorney and about what he supposedly told the women about that conversation. Clearly, this was not enough to satisfy Kimble's burden. As the trial court stated in its order dismissing Kimble's motion: "it is not ineffective assistance for an attorney to advise his client that he recommends a guilty plea over proceeding to trial if it is his reasoned opinion that there is little chance of success at trial." Also, we are mindful that the fact that a defendant pleaded guilty because he feared a harsher sentence otherwise does not render the defendant's plea involuntary. Jones v.State, 922 So.2d 31, 35 (¶ 10) (Miss.Ct.App. 2006). Thus, we find that this alleged error is without merit.
(3) Whether the trial court erred by summarily dismissingKimble's motion without conducting an evidentiary hearing.
 ¶ 12. In support of this alleged error, Kimble makes three arguments. First, he claims that it was plain from the trial court's order that the judge only made a perfunctory consideration of his post-conviction motion. He supports this reasoning by pointing out that the judge referred to Kimble's filing as a "Motion for Reconsideration of Sentence" when in fact his pleading was styled "Motion to Vacate Judgment and Sentence." The trial judge's treatment of Kimble's filings support Kimble's allegation of error on this point. However, when we read the trial *Page 1074 
court's complete order and not just its style, we find that each of Kimble's alleged errors was addressed in the order. We find inconsequential the fact that the trial judge denominated Kimble's filing as a "Motion for Reconsideration of Sentence" instead of a "Motion to Vacate Judgment and Sentence." Second, Kimble contends that the court made a perfunctory review of his motion because the order failed to mention the two affidavits which Kimble attached to his motion and only stated, "Petitioner cannot make a valid claim for ineffective assistance if the only proof he has concerning deficient performance of his counsel is his own statement." SeeVielee v. State, 653 So.2d 920, 922 (Miss. 1995). This Court cannot say that the trial court did not consider the attached affidavits just because there is no mention of them in the order. As the State points out, the affidavits carried no weight as they are hearsay and contained no firsthand knowledge of any fact. Third, Kimble argues that since no transcription of the plea hearing was made, the trial court had no basis on which to say that Kimble's plea was given voluntarily. However, a transcription was made of the hearing and provided to this Court for review. It is clear from that transcript that Kimble's plea was voluntarily made. We find this alleged error to be without merit
 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTYDENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.