861 So.2d 364 (2003)
William D. BATTAYA, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01574-COA.
Court of Appeals of Mississippi.
December 16, 2003.
William D. Battaya, Appellant, pro se.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and GRIFFIS, JJ.
THOMAS, J., for the court.
¶ 1. In July 2001, William D. Battaya entered guilty pleas to five charges, four for burglary and one for grand larceny. Battaya filed a petition for post-conviction relief in early 2003, which was denied by *365 the Circuit Court of Alcorn County. Battaya appeals that decision and presses the same issues as presented to the circuit court, to wit:
I. WHETHER THE LOWER COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION RELIEF WHERE HIS ARREST WAS ILLEGAL AND UNLAWFUL, IN VIOLATION OF HIS FOURTH AMENDMENT AND ARTICLE 3, SECTION 23 OF MISSISSIPPI CONSTITUTION.
II. WHETHER THE LOWER COURT [ERRED] IN NOT ADDRESSING APPELLANT'S INITIAL APPEARANCE HEARING AND HIS PRELIMINARY HEARING ALLEGATIONS; WHETHER SAID DENIAL OF HEARINGS WAS IN VIOLATION OF APPELLANT DUE PROCESS AND EQUAL PROTECTION RIGHTS.
III. WHETHER APPELLANT'S INDICTMENTS IN CAUSE NOS. CR 98-339, CR 98-340, CR98-341 AND CR98-342 WERE FACIALLY AND FATALLY DEFECTIVE, WHICH VIOLATED APPELLANT'S FIFTH AMENDMENT AND ARTICLE 3, SECTION 27 OF MISSISSIPPI CONSTITUTION.
IV. WHETHER APPELLANT WAS DENIED HIS RIGHT TO A FAST AND SPEEDY TRIAL, WHICH VIOLATED HIS SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 3, SECTION 26 OF MISSISSIPPI CONSTITUTION.
V. WHETHER APPELLANT'S CONVICTION AND SENTENCE IN CAUSE NUMBER CR-99-133 WERE ILLEGAL AND UNLAWFUL, WHICH VIOLATED HIS FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND MISSISSIPPI CONSTITUTION, ARTICLE 3, SECTION 27.
VI. WHETHER APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, WHICH IN FACT, VIOLATED HIS SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND MISSISSIPPI CONSTITUTION, ARTICLE 3, SECTION 23.
¶ 2. All claims but that of ineffective assistance of counsel are barred from review through various mechanisms. However, for the sake of thoroughness each will be addressed briefly below.
1. Illegal arrest
¶ 3. Battaya claims his initial arrest was illegal for lack of a warrant or probable cause. We do not have the details of that arrest in the record other than Battaya's bald assertion that it was illegal, and we could make no determination upon its validity even were it properly before us for such a decision.
¶ 4. A statute provides that failure of a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial whether based upon the laws and constitution of the State of Mississippi or the United States shall constitute a waiver thereof and shall be procedurally barred. Miss.Code Ann. § 99-39-21(1) (Rev.2000). The court may elect to suspend this waiver upon a showing of *366 cause and actual prejudice. Id. The failure of a warrant or lack of probable cause to support a warrant would have been a defense within the contemplation of this statute. Battaya had the opportunity to press this defense prior to entering his plea but he did not, nor does he offer any cause why the waiver should be suspended.
¶ 5. From a constitutional rather than statutory perspective, the issue is still waived by the entry of a guilty plea. A valid plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment. King v. State, 738 So.2d 240, 241 (¶¶ 4-5) (Miss.1999). As the United States Supreme Court explained,
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he many not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea.
Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).
¶ 6. This point of error is denied.
2. Preliminary hearing and initial appearance
¶ 7. Battaya argues he was denied an initial appearance or preliminary hearing for a determination of the probable cause underlying his arrest. He states he was forced to spend six days in jail before being released on bail which violated his Fourteenth Amendment rights to due process and equal protection under the law as well as Mississippi Uniform Circuit and County Court Rules 6.03 and 6.04. These rules require that a criminal defendant make an initial appearance within forty-eight hours of arrest before a judicial officer or other authorized person for a determination of probable cause when an arrest is made without a warrant.
¶ 8. Any claim of violation of his constitutional rights under this heading are barred for the same reason the claim of a Fourth Amendment violation as discussed above. Battaya waived those rights. However, we also direct Battaya's attention to Uniform Rule of Circuit and County Court Practice 6.05 which provides that an initial appearance and preliminary hearing are waived where the defendant is released on bond, as he was.
3. Defective indictments
¶ 9. Next, Battaya contends the indictments for his four burglary charges were defective in a variety of ways, including failure to cite the applicable criminal statute, failure to contain a recitation of the factual allegations underlying the charge, failure to attach an affidavit of the grand jury foreman, and failure to contain "a stamped `filed' certified `seal' of Alcorn County Circuit clerk." He alleges there never was an indictment for the grand larceny charge and believes the existing indictments were manufactured by the State because the sentencing order and transcript state "defendant being before this court of a charge of burglary and larceny on indictment against him and there is no single crime of `burglary and larceny,' but rather these are two separate charges."
¶ 10. Whatever verbal shorthand may have been used on the sentencing order, each burglary was certified by the circuit clerk's office, signed by the grand jury foreman, contained the factual basis of each charge as well as the legal elements of the crime. They do not contain the statute number under which Battaya *367 was indicted. This, however, is a technical, non-jurisdictional flaw which Battaya waived with his guilty plea. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990). The purpose of an indictment is to adequately advise a defendant of the charges against him so as to allow him the opportunity to prepare an effective defense. Moses v. State, 795 So.2d 569, 572 (¶ 13) (Miss.Ct.App.2001). Here, the lack of a statute reference did nothing to frustrate that purpose. That the indictment did not state "in violation of Mississippi Code Section 97-17-23" in no way hindered his understanding of the charges against him.
¶ 11. As to the grand larceny charge, no indictment was returned on that charge. It was a separate offense with which Battaya was charged after the burglary indictments were returned and the grand jury had apparently not yet reconvened. The record contains a written waiver of indictment on this charge signed by Battaya and the transcript of the plea hearing shows Battaya was twice informed by the court that no indictment had yet been returned on the charge and he had the right to wait for one before proceeding. On both occasions, Battaya waived that right. There is no error.
4. Speedy trial
¶ 12. Battaya fourth argues his right to a speedy trial was violated by the State's failure to bring him to trial for 334 days. He argues his guilty plea did not waive this right because the violation occurred prior to the date the plea was entered.
¶ 13. As noted above, a guilty plea waives several constitutional rights. That includes the right to a speedy trial, whether based upon constitutional or statutory authority. Anderson v. State, 577 So.2d 390, 392 (Miss.1991). This claim is without merit.
5. Illegal sentence
¶ 14. Next, Battaya claims the sentence imposed upon him for grand larceny was illegal because the court lacked jurisdiction as an indictment was never returned on that charge and he did not waive the indictment.
¶ 15. As discussed above, Battaya waived the indictment on the grand larceny charge both in writing and in court. The court had valid jurisdiction and this claim also is also groundless.
6. Ineffective assistance of counsel
¶ 16. Within this final assignment of error, Battaya alleges his counsel was ineffective in several ways, including failure to request and file complete discovery; failure to inform him his arrest was illegal; failure to inform of the right to a preliminary hearing and initial appearance; failure to investigate and inform of defective indictments and file motion to quash; failure to inform of right to speedy trial and to file for a dismissal; failure to meet with defendant more than once and provide meaningful communication; and failure to inform the court the grand larceny charge had not been presented to a grand jury or obtain a valid waiver of indictment.
¶ 17. All but two of these claims are discussed above and will not be addressed again. The claim that counsel failed to request and file complete discovery is belied by the record or unsupported by Battaya. The record includes copies of counsel's request for discovery from the prosecution. Battaya does not include any description of evidence that counsel should have supplied the State or in what manner his defense suffered as a result. In order to substantiate a claim of ineffective assistance of counsel, Battaya must show both deficient performance by *368 counsel and prejudice to the defendant due to counsel's deficiencies. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Battaya does not present any evidence or even argue his defense was prejudiced in any fashion other than a bald assertion that it was.
¶ 18. Nor does Battaya explain how he was prejudiced by a limited number of meetings with counsel. One may have been sufficient to meaningfully communicate to Battaya the case against him and his options. What further meetings would have accomplished Battaya does not explain.
¶ 19. THE JUDGMENT OF THE ALCORN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.