CARLTON, J., for the Court.
 

 ¶ 1. This case comes before the Court on appeal from an order denying Maricus Ivy’s motion for post-conviction relief. Aggrieved with the circuit court’s judgment, Ivy appeals, arguing that: (1) the indictment charging him with two counts of sexual battery was void for failure to state the Mississippi Code section he violated; (2) there was no factual basis for the trial court to accept his guilty pleas to the two counts of sexual battery; and (3) he received ineffective assistance of counsel. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On August 24, 2005, Ivy pled guilty in Lee County Circuit Court to two counts of sexual battery. He was sentenced, on each count, to serve a term of thirty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended and fifteen years to serve, followed by five years of post-release supervision.
 

 ¶ 3. Ivy filed a motion for post-conviction relief asking the circuit court to reverse the sentence. The circuit court denied Ivy’s motion on January 20, 2009. Ivy appeals.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court will not disturb a circuit court’s decision to deny a motion for post-conviction relief unless the circuit court’s findings are clearly erroneous.
 
 Boyd v. State,
 
 926 So.2d 233, 234(¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo.
 
 Id.
 

 DISCUSSION
 

 I. Defective Indictment
 

 ¶ 5. Ivy argues on appeal that the indictment charging him with two counts of sexual battery was void for failui’e to state the Mississippi Code section that he violated. As a result of this defect, Ivy argues that the circuit court lacked juris
 
 *645
 
 diction to accept his guilty plea or sentence him.
 

 ¶ 6. In
 
 Cochran v. State,
 
 969 So.2d 119, 123(¶ 15) (Miss.Ct.App.2007) (citation omitted), this Court stated that “[a] valid guilty plea waives all non-jurisdictional defects to an indictment.” However, “[i]t does not waive the failure to charge a criminal offense or subject matter jurisdiction.”
 
 Id.
 

 ¶ 7. In
 
 Battaya v. State,
 
 861 So.2d 364, 367(¶ 10) (Miss.Ct.App.2003), this Court further expressed that the failure to state on an indictment the statute number which the defendant violated “is a technical, non-jurisdictional flaw which [the defendant] waived with his guilty plea.”
 
 See Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990);
 
 Garner v. State,
 
 944 So.2d 934, 940-41 (¶¶ 15-20) (Miss.Ct.App.2006). “The purpose of an indictment is to adequately advise a defendant of the charges against him so as to allow him the opportunity to prepare an effective defense.”
 
 Battaya,
 
 861 So.2d at 367(¶ 10) (citing
 
 Moses v. State,
 
 795 So.2d 569, 572(1113) (Miss.Ct.App.2001)). In the present case, the failure to reference the statute “did nothing to frustrate that purpose.”
 
 Id.
 
 As a result, we find that Ivy waived his argument as to defects in the indictment when he pled guilty. This issue is without merit.
 

 II. Factual Basis for Guilty Plea
 

 ¶ 8. Ivy argues that there was not a factual basis for the trial court to accept Ms guilty plea to the two counts of sexual battery. Ivy asserts that since the prosecution did not have DNA evidence or a rape Mt to prove penetration, and because he only faced one count of sexual battery in pretrial proceedings, there was no factual basis that he committed the crimes to wdiieh he pled guilty.
 

 ¶ 9. In
 
 Kimble v. State,
 
 2 So.3d 688, 692(¶ 13) (Miss.Ct.App.2008) (citing Uniform Rule of Circuit and County Court 8.04(A)(3)), this Court noted that “[b]efore the trial court may accept a plea of guilty, the court must determine that there is a ‘factual basis for the plea.’ ” “A factual basis for a plea may be established by the admission of the defendant, but the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.”
 
 Hannah v. State,
 
 943 So.2d 20, 26-27(¶ 16) (Miss.2006). “[A] factual basis is not established by the mere fact that a defendant enters a plea of guilty.”
 
 Id
 
 at 27(¶ 16).
 

 ¶ 10. This Court has held that if an indictment is found to be “sufficiently specific, [it] can be used as the sole source of the factual basis for a guilty plea.”
 
 Drake v. State,
 
 823 So.2d 593, 594(¶ 6) (Miss.Ct. App.2002) (citing
 
 United States v. Hinojosa-Lopez,
 
 130 F.3d 691, 695 (5th Cir. 1997)). Upon reviewing the facts in
 
 Drake,
 
 we determined that there was a factual basis for the trial court to accept the defendant’s guilty plea. Specifically, we found that:
 

 The indictment was specific and comprehensive, and Drake admitted his guilt upon the conclusion of the reading of the indictment.
 

 Drake was aware of the charges against him and the consequences that would result upon entering a guilty plea. He still chose to enter such a plea. Drake swore to the trial court that he had competent representation and that the elements of the crime were explained to him. He further stated that his counsel read him the written guilty plea and that he understood what it stated.
 

 Id.
 
 at 594-95 (¶¶ 6-7).
 

 ¶ 11. Similarly, in
 
 Madden v. State,
 
 991 So.2d 1231, 1235(1116) (Miss.Ct.App.2008), we held that there was a factual basis for a guilty plea -where the indictment specifically included the elements of the crime and alleged that the defendant “knowingly, wil-fully, unlawfully and feloniously” sold co
 
 *646
 
 caine, and the defendant swore in his plea petition that he had been advised of the nature of the charge and that he had in fact sold cocaine to an undercover police officer.
 

 ¶ 12. In
 
 Boddie v. State,
 
 875 So.2d 180, 181(¶ 1) (Miss.2004), the Mississippi Supreme Court determined that there was a factual basis to support the defendant’s guilty plea, finding that the defendant made a statement in which he admitted to the crime alleged in the indictment and acknowledged at his plea hearing that he was satisfied that the State could prove, beyond a reasonable doubt, that he was guilty of the crime.
 

 ¶ 13. In the present case, Ivy testified before the circuit judge that: he had read and understood the indictment; his attorney had gone over the charges with him carefully on more than one occasion; his guilty pleas were free and voluntary on his part; and he made his own decision to plead guilty. Ivy also admitted that he committed two counts of sexual battery upon Elizabeth Miller,
 
 [1]
 
 and he testified that he understood that by pleading guilty, he was waiving the requirement that the State prove the charges against him and each element of the crime beyond a reasonable doubt. Thus, our review of the entire record reveals that there was a factual basis for the trial court to accept Ivy’s guilty pleas. This issue is without merit.
 

 III. Ineffective Assistance of Counsel
 

 ¶ 14. Ivy further argues that he was denied effective assistance of counsel. Specifically, Ivy claims that his counsel failed to object to the indictment and coerced him into pleading guilty to two counts of sexual battery even though there was no factual basis for the guilty pleas.
 

 ¶ 15. “In order to prevail on the issue of whether his defense counsel’s perform-anee was ineffective, [the defendant] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The two-prong test set forth in
 
 Strickland
 
 to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well.
 
 Id.
 
 (citing
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
 

 ¶ 16. An inmate asserting a claim of ineffective assistance of counsel is required to “allege with specificity and detail” the facts which show the attorney’s deficient performance and the prejudice to the inmate caused by the deficient performance.
 
 Kinney,
 
 737 So.2d at 1041(¶ 8) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)). Furthermore, “[t]here is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)). Additionally, we presume that counsel’s decisions are strategic.
 
 Leatherwood v. State,
 
 473 So.2d 964, 969 (Miss.1985) (citing
 
 Murray v. Maggio,
 
 736 F.2d 279, 282 (5th Cir.1984)). Accordingly, “judicial scrutiny of counsel’s performance must be highly deferential. ... [A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel’s challenged conduct, and to evaluate the conduct from counsel’s perspective at the time.”
 
 Strickland,
 
 466 U.S. at 669, 104 S.Ct. 2052.
 

 ¶ 17. The record in this case contains the transcript from Ivy’s plea hearing.
 
 *647
 
 While under oath, Ivy stated that he was satisfied with his attorney’s services and advice. Ivy also testified that his attorney had carefully explained the charges to him before he pled guilty. He further stated that he believed his attorney had properly advised him before he entered his guilty pleas, and that his attorney had properly represented Ivy’s best interest.
 

 ¶ 18. Ivy bears the burden of proof to show evidence of alleged ineffective assistance of counsel.
 
 Leatherwood,
 
 473 So.2d at 968. He has failed to present this Court with any evidence of his counsel’s alleged deficiencies. The record contains no proof to support Ivy’s claims that his attorney’s representation of him was deficient. We additionally note that his motion for post-conviction relief lacks any supporting affidavits or other proof to support his allegation.
 
 See
 
 Miss.Code Ann. § 99-39-9(1)(d)-(e) (Rev.2007).
 

 ¶ 19. Because Ivy cannot overcome the first prong of the test in
 
 Strickland,
 
 this Court is not required to consider the second prong of
 
 Strickland. Havard v. State,
 
 988 So.2d 322, 331(¶ 25) (Miss.2008) (citing
 
 Foster v. State,
 
 687 So.2d 1124, 1129-30 (Miss.1996)). Therefore, Ivy’s claim of ineffective assistance of counsel is without merit.
 

 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN PART AND THE RESULT.
 

 [1]
 

 . Due to the sensitive nature of the case, we use an alias to protect the victim's identity.