IRVING, P. J.,
for the Court.
¶ 1. On August 12, 2008, Richard Partain pleaded guilty to manslaughter by culpable negligence. Following his plea, the DeSo-to County Circuit Court sentenced Partain to twenty years in the custody of the Mississippi Department of Corrections, with fifteen years to serve, five years suspended, and five years of post-release supervision. The circuit court also ordered Par-tain to pay $48,713.36 in restitution. On September 11, 2009, Partain filed a motion for post-conviction relief (PCR), which the circuit court dismissed. Feeling aggrieved, Partain appeals and argues that: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; and (3) the circuit court’s factual findings were clearly erroneous.
¶ 2. Finding no reversible error, we affirm.
FACTS
¶ 3. On January 15, 2008, a DeSoto County grand jury returned a two-count indictment against Partain. Count one charged Partain, pursuant to Mississippi Code Annotated section 63-11-30(5) (Supp. 2010), with negligently causing the death of Lillian Esrey while operating a vehicle under the influence of intoxicating liquor that impaired his ability to operate the vehicle. Count two charged him with possession of Oxycodone. On August 12, 2008, the circuit court entered an order remanding both counts of the indictment *352 to the files, and the State filed a bill of information charging Partain, pursuant to Mississippi Code Annotated section 97-3-47 (Rev.2006), with manslaughter by culpable negligence. On the same day, Partain signed a waiver of indictment and consented to proceed on the bill of information for the charge of manslaughter by culpable negligence.
¶ 4. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. A circuit court may dismiss a PCR motion without an evidentiary hearing where “it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief....” Miss.Code Ann. § 99-39-11(2) (Supp.2010). An appellate court will not reverse a circuit court’s dismissal of a PCR motion unless the circuit court’s decision was clearly erroneous. Means v. State, 43 So.3d 438, 441 (¶ 6) (Miss.2010). However, questions of law are reviewed de novo. Id.

1. Involuntary Guilty Plea

¶ 6. Partain argues that his guilty plea is invalid because it was involuntary. Specifically, Partain alleges that he was not informed of the elements of the charge against him or the consequences of his guilty plea. He also alleges that his attorney coerced him into pleading guilty.
¶ 7. “A valid guilty plea must represent a voluntary and intelligent choice by the defendant among the alternative courses of action available.” Hannah v. State, 943 So.2d 20, 25 (¶ 11) (Miss.2006) (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). When determining whether a plea is voluntary, an appellate court considers whether “the trial court [advised] the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.” Burrough v. State, 9 So.3d 368, 373 (¶ 11) (Miss.2009) (citing Harris v. State, 806 So.2d 1127, 1130 (¶ 9) (Miss.2002)).

a. Elements of Charge

¶ 8. During his plea hearing, the circuit court explained to Partain that he had been charged with manslaughter by culpable negligence. The circuit court asked Partain if he understood the charge that he was pleading guilty to, and Partain stated under oath that he did. We note that the circuit court did not recite the elements of manslaughter by culpable negligence. However, when the circuit court asked the State to summarize its proof at the plea hearing, the State offered the following:
[BY THE PROSECUTOR]: If this matter were to go to trial, the State would be prepared to prove beyond a reasonable doubt[,] with credible and admissible evidence[,] that on or about October 28th of 2007, this Defendant, Richard Partain, did willfully, unlawfully, feloniously-willfully and feloniously kill one Lillian Esrey, a human being, by culpable negligence and without authority of law.
¶ 9. This Court has previously held that a prosecutor’s on-the-record statement of the elements of the crime charged sufficiently informs a defendant of the elements of the crime. Williams v. State, 31 So.3d 69, 79 (¶ 28) (Miss.Ct.App.2010). In Williams, the circuit court failed to advise Jason Williams of the elements of the crimes that he had pleaded guilty to, and it failed to “ask defense counsel whether they had advised Williams of the elements.” Id. at 77 (¶ 22). Additionally, *353 Williams’s plea petitions “did not set forth the elements of the crimes.” Id. However, at the plea hearing, the prosecutor made an on-the-record recitation of the essential elements of the crimes charged. Id. at 79 (¶¶ 29-30). This Court stated that “we see no constitutional infirmity with the elements of the crime to which a defendant wishes to plead guilty having being explained to the defendant by the prosecutor rather than the judge at a plea hearing.” Id. at 79 (¶ 28).
¶ 10. We see no reason to hold differently here. The prosecutor’s on-the-record statement at the plea hearing, which was made in front of both Partain and his attorney, contained all of the statutory elements of manslaughter by culpable negligence, which are “an unlawful killing by the culpable negligence of another.”. Id. at (¶ 30) (quoting Ramage v. State, 914 So.2d 274, 276 (¶5) (Miss.Ct.App.2005)). Accordingly, we find that the prosecutor’s statements made in open court sufficiently informed Partain of the charge against him. This issue is without merit.

b. Consequences of Plea

¶ 11. Partain also alleges that the circuit court failed to inform him of the consequences of his guilty plea. However, Partain’s allegation is not supported by the record. During the plea hearing, the circuit court explained to Partain that by pleading guilty, he would waive his right to a trial by jury, right to confront adverse witnesses, and right to protection against self-incrimination. The circuit court asked Partain whether he understood that he was waiving these rights by pleading guilty, and he indicated that he did. The circuit court also explained the maximum and minimum sentences associated with manslaughter by culpable negligence, and Partain stated that he understood the possible sentences. Based on our review of the transcript from the plea hearing, we find that Partain understood the consequences of his guilty plea. This issue is without merit.
c. Coercion
¶ 12. Finally, Partain argues that his attorney coerced him into pleading guilty. However, other than the assertions in his brief, Partain has presented no evidence that his plea was coerced. Furthermore, during his plea hearing, Partain stated under oath that he had not been threatened or coerced into pleading guilty. Additionally, in his plea petition, Partain declared that he had freely and voluntarily entered his guilty plea. Based on his sworn answers during his plea hearing and within his plea petition, Partain entered his plea voluntarily, knowingly, and intelligently. This issue is without merit.

2. Ineffective Assistance of Counsel

¶ 13. Partain argues that he received ineffective assistance of counsel because his attorneys failed to secure a preliminary hearing, to schedule a hearing on his motion to suppress evidence, and to investigate his case adequately.[1]
¶ 14. To succeed in a challenge to the effectiveness of counsel, Partain must satisfy the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires that the defen *354 dant show that “counsel’s representation fell below an objective standard of reasonableness.” Hannah, 943 So.2d at 24 (¶ 6) (citing Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052). Under the second prong, “the defendant must show [that] there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different:” Id. (citing Strickland, 466 U.S. at 694, 104 S.Ct. 2052). In the-context of guilty-plea proceedings, the second prong requires a showing “that there is a reasonable probability that, but for counsel’s errors, [the defendant] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different.” Id. at (¶ 7).
a. Preliminary Hearing
¶ 15. Partain contends that he received ineffective assistance of counsel because his attorneys failed to secure a preliminary hearing. Based on the record, there is no evidence that William Travis, Partain’s court-appointed counsel, attempted to secure a preliminary hearing. Partain’s retained attorney, Jefferson Gilder, requested a preliminary hearing in conjunction with a writ of habeas corpus. However, at the time Gilder filed the writ, Partain had already been indicted by a grand jury. Under Rule 6.05 of the Uniform Rules of Circuit and County Court, “[a] defendant who has been indicted by a grand jury shall not be entitled to a preliminary hearing.”
 ¶ 16. Partain contends that Travis’s and Gilder’s failure to secure a preliminary hearing prior to his indictment constitutes ineffectiveness. However, Par-tain fails to provide evidence of how counsels’ alleged ineffectiveness prejudiced him. Furthermore, Partain’s valid guilty plea operates as a waiver of “all non-jurisdictional rights or defects which are incident to trial,” including a preliminary hearing. Cummings v. State, 827 So.2d 14, 16-17 (¶ 6) (Miss.Ct.App.2002) (quoting Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). As previously discussed, Partain entered a valid guilty plea; therefore, he waived his right to a preliminary hearing. Furthermore, Partain has failed to show how counsels’ alleged ineffectiveness prejudiced him, as required under Strickland. As such, this issue is without merit.

b. Motion to Suppress

¶ 17. Partain further argues that Gilder was deficient for failing to schedule a hearing on his motion to suppress evidence of a blood test. Gilder filed a motion to suppress on April 11, 2008; however, the circuit court noted in its order dismissing Partain’s PCR motion that the motion to suppress was never scheduled for a hearing.
¶ 18. Both the motion to suppress and the PCR motion alleged that Partain’s blood was taken in violation of his constitutional rights. This Court has previously held that “[a] valid guilty plea waives the defendant’s right to make certain constitutional challenges, including those under the Fourth Amendment.” Battaya v. State, 861 So.2d 364, 366 (¶ 5) (Miss.Ct.App.2003) (citations omitted). In Battaya, William Battaya alleged in his PCR motion that his arrest was illegal because the police lacked a warrant or probable cause. Id. at 365 (¶ 3). Additionally, Battaya alleged that his counsel was deficient for failing to inform him that his arrest was illegal. Id. at 367 (¶ 16). This Court held that Battaya’s valid guilty plea waived his constitutional challenges to his arrest as well as the related challenge to his counsel’s effectiveness. Id. at 367-68 (¶¶ 16-17). Applying the holding in Battaya, Partain waived his right to challenge the constitutionality of the blood specimen when he pleaded guilty. Conse *355 quently, he cannot challenge the effectiveness of his counsel for failing to schedule a hearing on the motion to suppress the blood specimen. This issue is without merit.
c. Failure to Investigate
¶ 19. Partain alleges that Gilder failed to perform an adequate investigation of his case. Specially, Partain argues that Gilder failed to interview witnesses identified only as “Dawn” and “Don.” According to Par-tain, Dawn was an eyewitness to the car accident between Partain and Esrey and would have testified that Partain did not cause the accident. Don was Partain’s friend who would have testified that Par-tain was not intoxicated at the time of the car accident. Partain admits in his brief that he could not locate these witnesses to obtain their affidavits. Nonetheless, he contends that Gilder was ineffective for failing to interview these witnesses.
¶ 20. “[F]or a failure[-]to[-]investigate claim to rise to ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome.” Wilkins v. State, 57 So.3d 19, 22 (¶ 7) (Miss.Ct.App.2010) (citing Johnson v. State, 987 So.2d 501, 504 (¶ 15) (Miss.Ct.App.2008)). Furthermore, counsel’s failure to investigate, without more, does not constitute ineffectiveness. Id.
¶ 21. By Partain’s own admission, he has failed to provide this Court with affidavits indicating what these witnesses would have testified to. In fact, Partain has failed to offer a single affidavit in support of his ineffective-assistance-of-counsel claims. Furthermore, Partain failed to list these possible witnesses in his PCR motion. Partain’s PCR motion merely contained a general allegation that Gilder had failed to perform an adequate investigation of his case. This Court has consistently held that a “defendant must allege facts pointing toward counsel’s deficient performance with ‘specificity and detail.’ ” Mason v. State, 42 So.3d 629, 633 (¶ 11) (Miss.Ct.App.2010) (quoting Kinney v. State, 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999)). This issue is without merit.
¶ 22. In his brief, Partain asserts various other deficiencies regarding the representation that he received. However, because these issues were not raised in his PCR motion, they are procedurally barred. Foster v. State, 716 So.2d 538, 540 (¶9) (Miss.1998).

3. Circuit Court’s Fact Finding

¶ 23. As mentioned above, Partain filed a motion to suppress a blood specimen, which he alleges was not taken in accordance with the requirements of Mississippi’s implied-consent law and was in violation of his constitutional rights. In its order dismissing Partain’s PCR motion, the circuit court noted that the motion to suppress the blood specimen was never scheduled for a hearing. However, it concluded that the lack of a hearing was of no moment since the charges of possession of Oxycodone and D.U.I. death were remanded to the files, and therefore, “[t]he offer of proof given by the State did not include proof of the blood test.”
¶ 24. Partain contends that the circuit court erred when it found that the State’s offer of proof did not include proof of the blood test. In support of his contention, Partain points to the plea hearing wherein the State summarized its proof and stated:
[T]he facts would show that some people were behind Mr. Partain in Horn Lake, Mississippi. They followed him to [U.S.] 51 at Church [Rd]. They called the police because they felt that he was intoxicated. He was driving erratically and in the wrong lane. Ultimately, more [people] called 911.... [H]e was driving *356 negligently by driving in the wrong lane of traffic. Officers got there and [smelled] an intoxicating liquor, and they [ultimately took] his BAC.
Partain has misinterpreted the circuit court’s order. Partain pleaded guilty to manslaughter by culpable negligence rather than to causing death while operating a motor vehicle under the influence of intoxicating liquor that impaired his ability to operate the vehicle.[2] While intoxication may be considered in cases involving manslaughter by culpable negligence, “intoxication[,] within itselfl,] is not the ultimate question in a culpable[-]negligence suit.” McGrew v. State, 469 So.2d 95, 97 (Miss. 1985). Presumably, the circuit court intended to point out that a blood test proving intoxication was not required for Par-tain to be found guilty of manslaughter by culpable negligence. Even if we were to accept Partain’s reading of the circuit court’s order of dismissal, we fail to see how the circuit court’s finding amounts to anything more than harmless error. Pitchford v. State, 45 So.3d 216, 235 (¶ 71) (Miss.2010) (holding that an error is harmless where “the same result would have been reached had it not existed”) (citations omitted). This issue is without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. Partain was represented by two attorneys over the course of the proceedings. On February 5, 2008, the circuit court appointed William Travis as Partain’s counsel. According to Partain, prior to Travis’s appointment, he had retained Jefferson Gilder as his attorney. On February 15, 2008, the circuit court ordered that Gilder be substituted as Partain’s counsel. Partain argues that the acts and omissions of both attorneys resulted in ineffective assistance of counsel.

. Partain’s original indictment charged him with violating Mississippi Code Annotated section 63-11-30(5), which provides, in pertinent part, that:
Every person who operates any motor vehicle in violation of the provisions of subsection (1) of this section and who[,] in a negligent mannerf,] causes the death of another or mutilates, disfigures, permanently disables or destroys the tongue, eye, lip, nose or any other limb, organ[,] or member of another shall, upon conviction, be guilty of a separate felony for each such death, mutilation, disfigurement[,] or other injury and shall be committed to the custody of the State Department of Corrections for a period of time of not less than five (5) years and not to exceed twenty-five (25) years for each such death, mutilation, disfigurement or other injury....
Subsection (1) of section 63-11-30(1) states, in pertinent part, that:
It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person’s ability to operate a motor vehicle; (c) has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or two one-hundredths percent (.02%) or more for persons who are below the legal age to purchase alcoholic beverages under state law, in the person’s blood based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath....