*622
 
 ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. On November 25, 2008, Jerry Tyrone Parker was indicted on one count of the sale of methamphetamine within 1,500 feet of a church and one count of conspiracy to sell methamphetamine. Then, on September 28, 2009, in the Rankin County Circuit, Parker pled guilty to both counts. In the sentencing order entered by the circuit judge on the same day, Parker was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) on Count I with one day to serve and nineteen years and 364 days suspended. He was then sentenced to serve twenty years in the custody of the MDOC on Count II. His sentence in Count II was ordered to run consecutively to Count I. Parker was also ordered to serve five years of post-release supervision (PRS) on Count I. Parker was also fined and required to pay court costs. One year later, on September 28, 2009, Parker filed a motion in the circuit court to withdraw his guilty pleas, alleging that he was coerced and threatened into entering his guilty pleas. The circuit judge entered an order on October 21, 2010, summarily dismissing Parker’s motion. Parker now appeals.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. This appeal stems from an incident that occurred on September 9, 2008, where Parker and Dante Reed were arrested for selling methamphetamine in Rankin County.
 
 [1]
 
 A Rankin County grand jury indicted both Parker and Reed on one count of sale of methamphetamine within 1,500 feet of a church pursuant to Mississippi Code Annotated sections 41-29-139 (Rev.2009) and 41-29-142 (Rev.2009), and one count of conspiracy to sell methamphetamine pursuant to Mississippi Code Annotated section 97-1-1 (Supp.2010).
 

 ¶ 3. At the guilty-plea hearing held in the circuit court on September 28, 2009, Parker entered best-interest pleas to Counts I and II. After thoroughly questioning Parker about his understanding of the crimes he was charged with, the minimum and maximum sentences, and his constitutional rights, the circuit judge accepted the State’s recommended sentences and sentenced Parker in Count I to twenty years in the custody of the MDOC with one day to serve, the remainder suspended, five years of PRS, and to pay a $5,000 fine. On Count II, which was ordered to run consecutively to Count I, Parker was sentenced to twenty years in the custody of the MDOC. He was also ordered to pay court costs in the amount of $310.50.
 

 ¶ 4. One year later, Parker filed a motion to withdraw his guilty pleas. In his motion, he alleged that the circuit judge and district attorney had coerced and threatened him into pleading guilty while his attorney had failed to object to the behavior. Parker also submitted a brief and a memorandum of law to support his motion. The circuit judge entered an order summarily dismissing Parker’s motion. We treat his motion as a motion for post-conviction relief.
 
 Hollingsworth v. State,
 
 66 So.3d 1254 (¶ 6) (Miss.Ct.App. July 19, 2011).
 

 ¶ 5. It is from this summary dismissal that Parker now appeals. On appeal, Parker raises four issues, which we have reorganized into three for clarity:
 

 I. Whether the trial court erred in determining whether the Appellant’s right to effective assistance had been violated.
 

 II. Whether the trial judge violated Mississippi Uniform Rule of Circuit
 

 
 *623
 
 and County Court 8.04(B)(4), by participating in plea-bargaining discussion by use of coercion and threats; and
 

 III. Whether the newly discovered evidence established the Appellant’s innocence.
 

 STANDARD OF REVIEW
 

 ¶ 6. The standard of review that this Court employs when reviewing a circuit court’s summary dismissal of a PCR motion is well established. Mississippi Code Annotated section 99-39-11(2) (Supp. 2010) states: “[I]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” Pursuant to this section, the Mississippi Supreme Court has held that “a trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief under the [Uniform Post-Conviction Collateral Relief Act].”
 
 State v. Santiago,
 
 773 So.2d 921, 923-24 (¶ 11) (Miss.2000). “This Court has established that dismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ ”
 
 Id.
 
 (quoting
 
 Turner v. State,
 
 590 So.2d 871, 874 (Miss.1991)).
 

 ANALYSIS
 

 I. Ineffective Assistance of Counsel
 

 ¶ 7. Parker first argues that he was not provided effective assistance of counsel, and as a result, his guilty pleas were involuntarily made. Under the two-prong test found in
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order for a defendant to prevail on a claim of ineffective assistance of counsel, he must show that: (1) counsel’s performance was deficient, and (2) counsel’s deficiency did, in fact, prejudice the defendant. The first prong is often difficult to meet as there is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.... ”
 
 Moreno v. State,
 
 967 So.2d 701, 703 (¶4) (Miss.Ct.App.2007). As to the second prong of the test, when reviewing a guilty plea, “[a] defendant who pleads guilty to a crime is ‘prejudiced’ by his counsel’s erroneous advice if he would have insisted on going to trial if he had been correctly informed.”
 
 Id.
 
 (quoting
 
 Reeder v. State,
 
 783 So.2d 711, 718 (¶ 28) (Miss.2001)). This Court has stated that claims of ineffective assistance of counsel must “ ‘allege with specificity and detail’ the facts which show the attorney’s deficient performance and the prejudice to the inmate caused by the deficient performance.”
 
 Ivy v. State,
 
 31 So.3d 643, 646 (¶ 16) (Miss.Ct.App.2009) (quoting
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (118) (Miss.Ct.App.1999)).
 

 ¶ 8. In the current case, Parker argues that he was denied effective assistance of counsel based on his attorney’s failure to investigate his case thoroughly and that he was misinformed when he entered his pleas since his attorney told him that he had to enter the pleas because of the circuit judge’s threats. Further, he argues that his attorney failed to object when the circuit judge threatened and coerced him into entering the pleas.
 

 ¶ 9. The guilty-plea petition Parker signed contained the following language regarding his attorney’s performance and assistance:
 

 My lawyer has advised me as to the possibilities of my acquittal or conviction on the charge against me, and has thor
 
 *624
 
 oughly discussed all aspects of my case with me.
 
 My lawyer has counseled and advised me, and has made no threats of promises of any type or kind to induce me to enter this plea of guilty. The decision to seek entry of this plea was my own and mine alone, based on my own reasons and free from any outside influences.
 

 [[Image here]]
 

 I have fully informed my lawyer of all the facts and circumstances known to me about the charge against me.
 
 My lawyer has counseled, and advised me on the nature and elements of the charge, on any and all lesser-ineluded charges, and on all possible defense that I might have in this case
 
 ....
 

 [[Image here]]
 

 I believe that my lawyer has done all that anyone could do to counsel and assist me. I AM SATISFIED WITH THE ADVICE AND COUNSEL HE/ SHE HAS GIVEN ME....
 

 (Emphasis added).
 

 ¶ 10. At Parker’s plea hearing on September 28, 2009, the circuit judge questioned Parker as to whether he had read, signed, and initialed each page of his guilty-plea petition. Parker indicated yes that he did. He also answered in the affirmative when asked if he understood the charges and the consequences of entering a guilty plea. The circuit judge specifically asked Parker if he was entering his guilty pleas freely and voluntarily. Parker responded, “[y]es, sir.” The circuit judge then gave Parker one last opportunity to withdraw his guilty pleas and proceed to trial; Parker declined.
 

 ¶ 11. As to the first prong, the record before us does not indicate that Parker’s attorney’s performance was deficient. At no point did Parker indicate that he was unsatisfied with his attorney’s performance. In fact, he indicated several times that he was satisfied with the advice and assistance his attorney had provided. However, even if Parker did satisfy the first prong and showed his attorney’s deficient performance, he did not demonstrate that he was prejudiced by the deficient performance. The maximum sentence Parker could have received for both counts was fifty years in the custody of the MDOC and a $1,500,000 fine; however, he was sentenced to serve a total of twenty years plus one day in the custody of the MDOC with five years of PRS and ordered to pay a $5,000 fine and court costs in the amount of $310. 50. His sentence was clearly less than the maximum he could have received had he gone to trial. In addition, besides simply stating that he would have gone to trial had he been properly informed, Parker did not provide any specific evidence to show that he would have insisted on going to trial and would not have entered his guilty pleas. This specific evidence is required under the standard articulated in
 
 Ivy.
 

 ¶ 12. Parker failed to present any evidence of his attorney’s deficient performance and any specific evidence of prejudice he suffered as a result of the deficient performance; thus, he failed to satisfy the two-prong test found in
 
 Strickland.
 
 We find this issue is without merit.
 

 II. Circuit Judge’s Participation in the Plea Bargain
 

 ¶ 13. Parker next argues that this Court should reverse the circuit court’s order because the circuit judge used coercion and threats to force Parker into entering his guilty pleas. In particular, Parker claims that the circuit judge stated the
 
 *625
 
 following: “If you don’t take the plea bargain today[,] I will sentence you to the maximum on each charge and the enhancement [sic] punishment.” A thorough reading of the transcript of the guilty-plea hearing shows that the circuit judge made no such statement. The circuit judge advised Parker of the maximum sentences and fines for each count. He then stated that the plea recommendation by the State was not binding on the circuit court and that Parker could be sentenced to the maximum time, but at no point did the circuit judge indicate that Parker would receive the maximum sentences if he refused to enter his guilty pleas. Further, the guilty-plea petition Parker signed also contained the following language:
 

 I declare that no officer or agent of any branch of government, federal, state, or local, has made any promise or suggestion of any kind to me, or within my knowledge, to anyone else, that I will receive a lighter sentence, or probation, or any other form of leniency if I plead guilty, and that
 
 I have not been threatened, forced, intimidatedf,] or coerced in any manner by anyone.
 

 (Emphasis added).
 

 ¶ 14. Just as in his ineffective-assistance-of-counsel claim, there is no evidence in the record before us that the circuit judge acted improperly or participated in the plea-bargain process. Parker acknowledged through his guilty-plea petition and affirmation at the plea hearing that he signed and understood his guilty-plea petition; thus, his statement that he was not “threatened, forced, intimidated[,] or coerced in any manner by anyone” does not support his contention that the circuit judge acted improperly by threatening him into entering his guilty plea. This issue is without merit.
 

 III. Newly Discovered Evidence
 

 ¶ 15. Parker’s last argument on appeal is that Reed’s affidavit constitutes newly discovered evidence. To qualify as newly discovered evidence sufficient to warrant a new trial, the supreme court has articulated, in
 
 Shelby v. State,
 
 402 So.2d 338, 340-41 (Miss.1981), that such a request must:
 

 be supported by an affidavit of the defendant and [his] attorney that diligence was exercised with reference to discovery of the evidence and that the evidence was unknown to them at the time of trial. The court must be satisfied that (1) the evidence came to the defendant’s knowledge since trial, (2) the evidence could not have been discovered sooner by diligence, and (3) such evidence would probably produce a different result, if a new trial were granted.
 

 (Citing
 
 Stewart v. State,
 
 203 Miss. 295, 33 So.2d 787, 789 (1948)).
 

 ¶ 16. Although the affidavit from Reed that Parker submitted with his original motion to withdraw his guilty plea is dated almost a year after Parker had entered his guilty pleas, it is not newly discovered evidence. In his brief, Parker states that evidence and information that Reed could have provided was available when the police originally arrested them. Reed’s affidavit specifically states that on September 9, 2008, he “advised the arresting officers that Jerry Tyrone Parker was not involved with my dealing, nor did he have any knowledge of my transaction.” Reed’s own affidavit makes it clear that the evidence could have been discovered sooner. Clearly this evidence was available to Parker at the time he entered his guilty pleas; thus, it cannot qualify as newly discovered evidence.
 

 ¶ 17. This issue is without merit.
 

 
 *626
 
 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . Although Reed was charged on the same indictment, he is not involved in this appeal.