GRIFFIS, P.J.,
for the Court:
¶ 1. Lawrence Floyd “Truck” Willis appeals the Lauderdale County Circuit Court’s dismissal of his motion for post-conviction collateral relief. Willis asserts that: (1) his guilty plea was not entered voluntarily, knowingly, or intelligently; (2) the circuit court should not have accepted his guilty plea in the absence of independent evidence as to his criminal culpability; (3) his sentence as a habitual offender was improper; and (4) his counsel was ineffective. We find no error and affirm.
FACTS
¶ 2. In July 2003, Willis was indicted for one count of possession of cocaine with intent to sell. Because Willis had been convicted previously of three drug-related felonies, the State sought to sentence Willis under the enhancement statute of Mississippi Code Annotated section 41-29-147 (Rev.2009). Willis was also charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007).
¶3. Willis’s indictment contained a habitual-offender attachment, which evinced the three prior felony convictions relied upon by the State. On August 10, 1984, Willis was convicted of one charge for the sale of marijuana, and he was sentenced to serve five years of incarceration. Willis was subsequently convicted of possession of cocaine on February 25, 1985, and he received another five-year prison sentence. Finally, on February 20, 1992, Willis was convicted of the sale of cocaine, and he was sentenced to twelve years in prison.
¶ 4. On April 28, 2004, Willis entered his guilty plea in the instant case to one charge of possession of cocaine with the intent to sell. The terms of the plea agreement permitted Willis to plead guilty to the charge as a habitual offender; however, by doing so, the State agreed not to seek sentencing under the enhancement statute. Additionally, the State agreed not to seek the maximum sentence under the habitual-offender statute; rather, the plea agreement provided that the circuit judge would have discretion to sentence Willis to a lesser term if he saw fit to do so.
¶ 5. On June 3, 2004, Willis was sentenced as a habitual offender to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). As a consequence of pleading guilty as a habitual offender, Willis became ineligible for probation, parole, earned-time or good-time credit, and any suspension or reduction of the sentence.
¶ 6. On June 23, 2007, Willis filed a motion for post-conviction collateral relief. The circuit judge dismissed this motion. Aggrieved by this decision, Willis now appeals.
STANDARD OF REVIEW
¶ 7. Our standard of review for a dismissal of a motion for post-conviction collateral relief is well established. A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the circuit court’s decision was clearly errone *743 ous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS

1. Whether Willis’s guilty plea was entered voluntarily, knowingly, and intelligently.

¶ 8. Willis contends that his guilty plea was involuntary and that he only entered the guilty plea as part of an irresistible impulse to protect the passenger of his vehicle. Willis now maintains that he was innocent; however, at the time he entered his guilty plea, he was “afraid for the passenger of the car because he had never been in any trouble before.” We are unconvinced by this argument.
¶ 9. The plea colloquy demonstrates that Willis’s guilty plea was voluntary, knowing, and intelligent. A plea is considered “voluntary and intelligent” when the defendant knows the elements of the charge against him, understands the charge’s relation to him, what effect the plea will have, and what sentence the plea may bring. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The record indicates that Willis not only entered his guilty plea upon his own free will, but he also understood the consequences that such a plea would compel. His plea colloquy, in pertinent part, provides:
THE COURT: Do you understand that possession of cocaine with intent to distribute under the habitual offender statute carries a penalty of from zero to thirty years with the Mississippi Department of Corrections and any sentence that you would serve would be served day-for-day without the possibility of any type of release consideration?
DEFENDANT: Yes, sir.
THE COURT: So if I understand what you are telling the Court, you are entering your plea of guilty freely, voluntarily and knowingly with a full understanding of all matters that are set forth not only in your indictment that charges you with your felony, but in your petition to plead guilty as well; is that correct?
DEFENDANT: Yes, sir.
¶ 10. Accordingly, we find that Willis’s plea of guilty was entered voluntarily, knowingly, and intelligently. Therefore, we find this issue is without merit.

2. Whether the circuit court erred by accepting Willis’s guilty plea in the absence of independent factual evidence of his criminal culpability.

¶ 11. Willis submits two arguments alleging that the circuit court erred when it accepted his guilty plea: (1) the elements for possession of cocaine could not have been proven by the prosecution; and (2) outside of his own admission, there was no independent evidence which evinced his criminal culpability.
¶ 12. Willis alleges that he was improperly charged with possession of cocaine with intent to sell because the State failed to prove the elements required for actual or constructive possession. Willis contends that the drugs were discovered by law enforcement one block from the scene of his arrest; therefore, he was not in such proximity to the drugs to be criminally liable for possession. However, this issue was not presented to the circuit court; therefore, we are barred from considering it in this proceeding. As this Court has explained:
It is well settled that issues not raised below may not be raised on appeal. “Questions will not be decided on appeal *744 which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error.” Stringer v. State, 279 So.2d 156, 158 (Miss.1973); Jones v. State, 915 So.2d 511, 513 (¶ 7) (Miss.Ct.App.2005).
Austin v. State, 971 So.2d 1286, 1288 (¶ 8) (Miss.Ct.App.2008). Accordingly, we find this issue is procedurally barred because Willis failed to raise it in his motion for post-conviction collateral relief.
 ¶ 13. Willis further argues that the circuit court was in error when it accepted his guilty plea when there was no evidence presented which evinced his criminal culpability — notwithstanding, of course, his own admission of guilt. However, an adequate factual basis for the plea may be formed by any record evidence before the court, including the defendant’s own admission of guilt. Turner v. State, 961 So.2d 734, 737 (¶ 6) (Miss.Ct.App.2007) (citing Corley v. State, 585 So.2d 765, 767 (Miss.1991)). We look to the entire record to determine if such a factual basis exists. Drake v. State, 823 So.2d 593, 594 (¶ 5) (Miss.Ct.App.2002).
¶ 14. Moreover, we have held that a plea of guilty waives any evidentiary issue. Jefferson v. State, 855 So.2d 1012, 1014 (¶ 11) (Miss.Ct.App.2003). In Cherry v. State, 24 So.3d 1048, 1052 (¶ 9) (Miss.Ct.App.2010) (quoting Drake, 823 So.2d at 594 (¶ 6)), this Court rejected the same logic put forth by Willis in this appeal, holding:
The mere fact that the factual basis does not provide all the details which may be produced at trial does not make the guilty plea invalid. This Court has held that, “if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for the plea.”
¶ 15. We are satisfied that Willis’s indictment, his petition to enter a plea of guilty, and the language of the plea colloquy each provided the circuit court with a sufficient factual basis to accept the guilty plea. Here, as in Drake, the indictment was specific as to the crime charged. Willis’s indictment provided all of the elements for the offense of possession of cocaine with intent to distribute.
¶ 16. Willis’s petition to enter plea of guilty recites substantially similar language set forth in the indictment, providing:
“On or about August 7, 2002, I did willfully and unlawfully possess about 17.32 grams of cocaine, a Schedule II controlled substance, which I intended to distribute to others. This occurred in Lauderdale County, Mississippi.”
When asked by the circuit judge during the plea colloquy whether this was an accurate depiction of his involvement, Willis again answered in the affirmative. Accordingly, we find this issue is without merit.

3. Whether Willis’s was properly sentenced as a habitual offender.

¶ 17. Willis contends that the State failed to provide evidence at the sentencing hearing as to the prior convictions relied upon to classify him as a habitual offender under section 99-19-81. Specifically, Willis submits that the State’s failure to introduce “pen-packs” of his pri- or convictions impermissibly deprived him of a reasonable opportunity to challenge the prosecution’s proof. However, the sentencing hearing transcript reveals the following exchange:
PROSECUTOR: We rely on the pre-sentence investigation and rest unless of course the Court wants the — we have certified pen-packs of his prior— his three prior convictions. If the *745 Court wants that, I can step across the hall and get them, but I assume since he’s admitted it, there’s no point in having that.
THE COURT: Yes, sir. All right. So the State rests.
¶ 18. Apparently, Willis contends that he was improperly classified as a habitual offender because the State failed to prove, not that he was sentenced, but that he in fact served, one year or more for each of the prior felonies. Our habitual-offender statute states:
Every person convicted in the state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-81.
¶ 19. The language of Mississippi’s habitual-offender statute evinces why Willis’s argument must fail. Indeed, our statute does not impose a requirement that the defendant must serve one or more years in prison for either of the previous felonies. To the contrary, the only requirement is that in order to be eligible for habitual-offender status, the offender must merely be sentenced to serve two separate terms of one or more years in prison. The habitual-offender attachment to Willis’s indictment clearly indicates that Willis has been previously convicted for three felony drug charges — two for sale and one for possession — and that he was sentenced to at least five years’ imprisonment with the MDOC for each conviction.
¶ 20. The circuit court judge properly sentenced Willis as a habitual offender. Accordingly, we find this argument is without merit.

4. Whether Willis received ineffective assistance of counsel.

¶ 21. Willis asserts that his counsel’s performance was ineffective. To prove ineffective assistance of counsel, Willis must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests on Willis to show both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland,, there is a strong presumption that coun sel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. “[T]he defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001) (citations omitted). To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 22. Willis’s sole argument that his counsel’s performance was ineffective rests entirely on whether his counsel should not have allowed him to enter a guilty plea in the absence of an independent evidence as to his criminal culpability. However, Willis submitted no affidavits in support of his contention. In fact, Willis does not even submit his own affidavit. In cases requesting post-conviction collateral *746 relief, “[w]here a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Vielee v. State, 653 So.2d 920, 922 (Miss.1995).
¶ 23. Willis merely offers his own conclusions of law as to his counsel’s alleged deficiencies. Willis admitted that the factual basis for the charges was correct, and he testified that his counsel reviewed the plea petition with him that he signed and submitted it to the circuit court. Pertinent parts of his plea colloquy provide:
THE COURT: Are you satisfied with the services rendered to you and on your behalf by your attorney?
DEFENDANT: Yes, sir.
THE COURT: Do you feel like your attorney has done all that any attorney could do in representing you and defending you in your case?
DEFENDANT: Yes, sir.
THE COURT: Have you read the petition to plead guilty that you have filed in your court file?
DEFENDANT: Yes, sir.
THE COURT: Have you gone over your petition with your attorney paragraph by paragraph?
DEFENDANT: Yes, sir.
THE COURT: Did your attorney explain each paragraph to you and answer any questions that you might have had?
DEFENDANT: Yes, sir.
¶ 24. We find that Willis failed to prove any instance of deficiency on the part of his counsel. Furthermore, Willis failed to show with reasonable probability that, but for his counsel’s unprofessional errors, the result of this proceeding would have been different. Accordingly, this issue is without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.