RUSSELL, J.,
for the Court:
¶ 1. Christopher Smith appeals the Hinds County Circuit Court’s order denying his motion for post-conviction relief (PCR). Smith argues that he received ineffective assistance of counsel, and that his thirty-year sentence as a habitual offender was illegal. Upon review, we find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2001, Smith was convicted of armed carjacking in the Hinds County Circuit Court. The circuit court sentenced *449 him as a habitual offender to thirty years’ imprisonment -without parole. On direct appeal, our supreme court affirmed Smith’s conviction and sentence.[1]
¶ 3. On March 28, 2008, Smith filed a motion for leave to file a PCR motion in the circuit court. There is nothing to indicate that this motion was ever directly filed with the Mississippi Supreme Court. Instead, it appears that the circuit court forwarded the motion for leave to file a PCR motion to our supreme court.
¶ 4. Thereafter, no action was taken for some time. Then, on April 3, 2009, Smith filed a petition for a writ of mandamus or for an order to show cause with our supreme court. Smith alleged that he had previously filed a motion for reconsideration, and sought an order from our supreme court requiring the circuit court to rule on that motion. However, no motion for reconsideration was ever filed. Instead, it appears that Smith was referring to his motion for leave to file a PCR motion.
¶ 5. On May 27, 2009, the circuit court entered an order in response to a writ from the supreme court. That order states that Smith “did not actually filed a[m]otion for [r]econsideration.” The order further reads, in relevant part, as follows:
The [pjetition for [w]rit [of mandamus] states the [m]otion for [reconsideration was “in regards to a revocation proceeding.” This [c]ourt does not find that a revocation proceeding ever took place as can be seen by the sentence. Smith was sentenced to thirty years, in 2003, without the possibility of parole. So, ... no revocation proceeding of any type would have taken place as to this date.
¶ 6. On June 15, 2009, our supreme court entered an order granting Smith’s petition for writ of mandamus. That order states, in pertinent part:
In his petition, Smith states that he filed a “[m]otion for [reconsideration” that is still pending in the trial court. However, the trial court motion attached to his petition is his application for post-conviction relief. This Court called for a response from the trial judge. The trial judge acknowledged the application for post-conviction relief[,] but no ruling on that motion is apparent. The trial judge states only that no “[m]otion for Reconsideration” is now pending. After due consideration, the panel finds the petition should be granted and that the trial court should be required to enter a ruling on Smith’s application for post-conviction relief within thirty days of entry of this order.
IT IS THEREFORE ORDERED that the [p]etition for [w]rit of [mjandamus filed pro se by [Smith] is granted.
¶ 7. On June 25, 2009, the circuit court entered an order denying Smith’s PCR motion, finding that his claims of ineffective assistance of counsel and illegal sentence were without merit. On July 23, 2009, Smith filed a notice of appeal from the June 25, 2009 order denying his PCR motion. Also on July 23, 2009, Smith filed a motion to proceed in forma pauperis in the circuit court.
¶ 8. On November 11, 2009, Smith filed a motion for a contempt citation or for an order directing the record be filed. On January 5, 2010, this Court entered an order dismissing Smith’s motion for contempt or for order directing the record be filed.
¶ 9. On June 18, 2010, Smith filed a petition for a writ of mandamus or for an order to show cause regarding his motion *450 to proceed in forma pauperis. On August 2, 2010, this Court entered an order on Smith’s petition for writ of mandamus and remanded the case to the circuit court to render a judgment or conduct an eviden-tiary hearing on the motion to proceed in forma pauperis.
¶ 10. On August 26, 2010, Smith filed a motion to clarify the status of his appeal and to require the trial court to rule on his motion to proceed in forma pauperis. On August 30, 2010, this Court entered an order denying Smith’s motion to clarify.
¶ 11. On September 13, 2010, Smith filed a second motion in the circuit court to proceed in forma pauperis on appeal. On November 16, 2010, the circuit court entered an order granting Smith’s second motion to proceed in forma pauperis on appeal.
DISCUSSION
¶ 12. “A circuit court’s dismissal of a motion for post-conviction collateral relief will not be reversed on appeal absent a finding that the circuit court’s decision was clearly erroneous.” Willis v. State, 66 So.3d 740, 742 (¶ 7) (Miss.Ct.App.2011) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). “However, when reviewing issues of law, this Court’s proper standard of review is de novo.” Id. at 743 (¶ 7) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
¶ 13. We note at the outset that when a defendant’s conviction and sentence have been affirmed on direct appeal, the defendant must obtain permission from our supreme court before filing a PCR motion in the circuit court. See Miss.Code Ann. § 99-39-7 (Supp.2011). In this case, Smith’s conviction and sentence were affirmed on direct appeal. Smith then filed a motion for leave to file a PCR motion, but he filed it in the circuit court instead of the supreme court. It appears from the record that the circuit court forwarded Smith’s motion to the supreme court. We have searched the record and have been unable to find an order from our supreme court granting Smith leave to file a PCR motion. However, based on the supreme court’s order directing the circuit court to rule on Smith’s PCR motion, along with the subsequent actions taken by the circuit court, it seems that leave to file the PCR motion was presumed to have been granted by our supreme court. Therefore, notwithstanding some procedural doubt, we will address the merits of Smith’s PCR appeal.
I. Whether Smith received ineffective assistance of counsel.
¶ 14. Smith argues that he received ineffective assistance of counsel. “To prove ineffective assistance of counsel, [a defendant] must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.” Willis, 66 So.3d at 745 (¶ 21) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “The burden of proof rests on [the defendant] to show both prongs.” Id. (citing McQuarter v. State, 574 So.2d 685, 687 (Miss.1990)). “Under Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.” Id. (citing Strickland, 466 U.S. at 689, 104 S.Ct. 2052). “The defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Id. (citing Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss.2001)). “To overcome this presumption, ‘the defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” Id. (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
*451 ¶ 15. In this case, Smith alleged the following:
[Smith] was provided with ineffective assistance of counsel during trial where counsel: (a) failed to summon adequate witnesses; (b) failed to perform pretrial investigation; (c) failed to establish facts or investigate and prepare for trial by securing discovery or conferring with [Smith] regarding the defense to be raised; (d) failed to argue to the court that a [thirty] year mandatory sentence was illegal for armed carjacking when it was enhanced to a mandatory sentence and where, in such enhanced state, increased the sentence to exceed Smith’s life expectancy; (e) did not argue to [the] jury that [the][S]tate used testimony of a seasoned criminal to implicate [Smith] in [the] crime; (f) failed to present to the [circuit court] the issue of disparity in the sentence imposed upon co-defendants who [were] not charged and prosecuted as habitual offenders]; (g) failed to secure discovery from the prosecution in this case; (h) never investigated [the] case properly where counsel did not conduct an investigation of the crime scene or any other [scene]; [and] (i) failed to present the issue to the [circuit court] that the indictment [improperly charged Smith] because [it was] vague and unspecific.
Smith did not state anything further regarding his claim for ineffective assistance of counsel.
¶ 16. “A post-conviction claim of ineffective assistance of counsel is properly dismissed ... where it is manifestly without merit.” Robertson v. State, 669 So.2d 11, 13 (Miss.1996). A claim of ineffective assistance of counsel is manifestly without merit “where the defendant fails to allege with ‘specificity and detail’ that his counsel’s performance was deficient and prejudicial to his defense.” Id. In this case, Smith failed to allege with specificity and detail that his counsel’s performance was deficient and prejudicial to his defense.
¶ 17. We further note that “where a party offers only his affidavit, ... his ineffective assistance of counsel claim is without merit.” Willis v. State, 66 So.3d 740, 746 (¶ 22) (Miss.Ct.App.2011) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). Here, Smith failed to submit any affidavits or other evidence to support his contentions. More specifically, Smith has failed to show with a reasonable probability that, but for his counsel’s unprofessional errors, the result of the proceeding would have been different. Accordingly, this issue is without merit.
II. Whether Smith’s sentence is illegal.
¶ 18. Smith also argues that his sentence is illegal under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The circuit court found this issue was without merit as follows:
[Smith] asserts that his thirty ... year sentence is unconstitutional under Blakely and Apprendi [,] as the court did not submit to the jury for determination [h]is habitual offender status.
Blakely held that any fact which increases the penalty for a crime must be submitted to the jury. Apprendi held that a jury must determine beyond a reasonable doubt that the defendant committed every element of the crime before he can be found guilty.
Both cases make an exception for prior convictions. Therefore, [Smith’s] assertion that his sentence as a habitual offender violates the above holdings is without merit.
We agree. Further, our supreme court addressed the Apprendi decision in Brown *452 v. State, 995 So.2d 698, 702-03 (¶¶ 18, 20) (Miss.2008). In that case, Brown argued that the circuit court erred in failing to allow a jury to consider his sentence enhancement. Id. at 702 (¶ 16). Our supreme court noted that Brown’s argument was “in patent conflict with the U.S. Supreme Court’s decision in Apprendi.” Id. at 703 (¶ 20). Our supreme court continued: “We hold today that, ‘other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Id. (quoting Apprendi, 530 U.S. at 490, 120 S.Ct. 2348) (emphasis added). This issue is without merit.
¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. See Smith v. State, 907 So.2d 292, 300 (¶ 38) (Miss.2005).