# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01802-COA

**EDWARD JOHNSON** **APPELLANT**

**v.**

**STATE OF MISSISSIPPI** **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/29/2016 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDWARD JOHNSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 11/28/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. In May 2016, Edward Johnson pled guilty to second degree murder, robbery, and several other felonies pursuant to a plea agreement. The circuit court sentenced Johnson as recommended. Johnson subsequently filed what he styled a petition for habeas corpus, which the circuit court properly took as a motion for post-conviction relief. In Johnson's petition, he contended that his indictment was defective because it did not conclude with the words "against the peace and dignity of the state." The circuit court properly dismissed the petition without an evidentiary hearing, holding that Johnson's indictment was defective, but that it was a defect of form, and that Johnson waived his objection by pleading guilty. Johnson's other contentions are likewise without merit or have been raised for the first time on appeal,

and so we affirm the summary dismissal of his petition.

## STANDARD OF REVIEW

¶2.     The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3.     Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

## DISCUSSION

### 1.     Indictment – Constitutional Requirements

¶4.     We combine Johnson's first two issues as he has briefed them together on appeal and they essentially make the same challenge to his conviction.

¶5.     It is undisputed that Johnson's indictment violated Article 6, Section 169 of the Mississippi Constitution, which provides in relevant part that "all indictments shall conclude 'against the peace and dignity of the state.'" Our courts have enforced this constitutional requirement, even though it has long been called "idle and meaningless." *See McNeal v. State*, 658 So. 2d 1345, 1349 (Miss. 1995) (quoting *Love v. State*, 8 So. 465, 465 (Miss. 1891)). But while the concluding statement is required, it is a matter of the form of the

2

indictment. *Brandau v. State*, 662 So. 2d 1051, 1055 (Miss. 1995). Challenges to the indictment for defects of form must be raised as a demurrer to the indictment[1] and are waived by a valid guilty plea. *Id*. at 1054-55. Johnson did not object to his indictment prior to pleading guilty, and so this issue has been waived. *See id.*

### 2. Ineffective Assistance of Counsel

¶6. Johnson argues that, in the alternative, he received ineffective assistance of counsel. He contends that his counsel failed to object to the indictment or advise him of its formal defect. To succeed on an ineffective-assistance-of-counsel claim, Johnson must meet both prongs of the test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by the Mississippi Supreme Court in *Stringer v. State*, 454 So. 2d 468, 476-77 (Miss. 1984). "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. Second, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶7. Here, Johnson has arguably shown that his counsel was deficient in failing to recognize the defect in the indictment. However, Johnson himself acknowledges that the Mississippi Supreme Court has expressly held that this exact formal defect is curable by amendment. *See Brandau*, 662 So. 2d at 1055. It is therefore apparent that Johnson cannot

---

[1] Under the new Mississippi Rules of Criminal Procedure, which were not in effect at the relevant time, "[d]efects respecting the indictment shall be raised by written motion." MRCrP 14.4(b).

meet the second *Strickland* prong, as a demurrer to the indictment would have resulted in the indictment being amended, and Johnson would have ended up at square one. *See Buford v. State*, 756 So. 2d 815, 817 (¶8) (Miss. Ct. App. 2000). Johnson cannot show that the alleged error changed the result of the proceeding, and thus his claim of ineffective assistance of counsel is without merit.

### 3. Voluntariness of Guilty Plea / Factual Basis

¶8. Johnson's final issue, though styled a challenge to the voluntariness of his guilty plea, also includes arguments that the circuit court lacked a factual basis to accept his guilty plea. However, neither of these issues was raised in his petition filed in the circuit court — the factual basis was not addressed at all, and voluntariness was only mentioned in a single sentence that does nothing more than recite a definition of an involuntary guilty plea; Johnson's petition never actually asserts, much less argues, that his plea was involuntary. And, since these arguments are made for the first time on appeal, they are procedurally barred. *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988).

¶9. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**