# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01125-COA

**TRAVIS JAMES THOMPSON A/K/A TRAVIS THOMPSON A/K/A TRAVIS J. THOMPSON**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2018 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | TRAVIS JAMES THOMPSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/26/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Travis James Thompson filed a motion for post-conviction collateral relief (PCR) in the Jones County Circuit Court in June 2018. Challenging three guilty-plea convictions, Thompson claimed the indictment was fatally defective and unconstitutional and that he had been illegally sentenced as a nonviolent habitual offender. The circuit court determined Thompson freely, voluntarily, knowingly, and intelligently entered the pleas of guilty and found that the PCR motion was without merit. Thompson appeals. We affirm the circuit court's decision.

# FACTS

¶2. In October 2016, Thompson was indicted on three counts of possession of controlled substances with intent to sell them within 1,500 feet of a school. In August 2017, Thompson pleaded guilty to the three charges and was sentenced as a nonviolent habitual offender as follows:

> **Count I** - (423 grams of marijuana): ten years in MDOC custody, with five years suspended, with five years to serve, and five years of post-release supervision.
>
> **Count II** - (30 grams of cocaine): ten years in MDOC custody, with five years suspended, five years to serve, and five years of post-release supervision.
>
> **Count III** - (69 grams of methamphetamine): twenty-five years in MDOC custody, with ten years suspended, fifteen years to serve, and five years of post-release supervision.

The circuit court set the sentences to run concurrently to one another.

¶3. In October 2017, Thompson sent the circuit court a letter that the court treated as a petition for parole eligibility or early release. In January 2018, the circuit court denied Thompson's request. In June 2018, Thompson sent another letter to the circuit court. This letter was titled "motion to quash indictment." The circuit court treated it as a PCR motion and denied it. On July 30, 2018, the circuit clerk received Thompson's notice of appeal.

¶4. In August 2018, Thompson filed a "motion to quash illegal sentence and get full immunity reversal." There is no indication in the record that the circuit court has ruled on this motion. Sometime in October 2018, Thompson filed a copy of this motion as his opening brief on appeal. A few days later, Thompson filed another notice of appeal, but he did not specify the order that he intended to appeal. Consequently, this Court only has

jurisdiction over Thompson's unsuccessful "motion to quash indictment."

## STANDARD OF REVIEW

¶5. A circuit court may deny relief and summarily dismiss a PCR motion without conducting an evidentiary hearing if "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). "To succeed on appeal, the movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive." *Johnson v. State*, 247 So. 3d 300, 301 (¶1) (Miss. Ct. App. 2017). "Th[e] [reviewing] [c]ourt's applicable standard of review when considering the denial of a [PCR motion] is well settled; th[e reviewing c]ourt will not disturb the factual findings of a trial court in denying the petition unless such findings are clearly erroneous." *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010) (citing *Moore v. State*, 986 So. 2d 928, 932 (¶13) (Miss. 2008)). "However, where questions of law are raised the applicable standard of review is de novo." *Id*.

## ANALYSIS

### I. Sufficiency of the Indictment

¶6. Thompson asserted in the subject PCR motion that the indictment was insufficient because it was forged by the district attorney, the grand jury foreperson's signature was not affixed to it, and the phrase "against the peace and dignity of the state" was omitted from it. The State argues that Thompson abandoned this assignment of error on appeal because it was not discussed in his brief.

3

¶7. The Mississippi Supreme Court has held that where an assignment of error is not discussed in an appellant's brief, "it is considered abandoned or waived." *Magee v. State*, 542 So. 2d 228, 234 (Miss. 1989). It is well-settled that "a defendant who fails to raise an issue in his PCR motion before the trial court may not raise that issue for the first time on appeal." *Marshall v. State*, 136 So. 3d 443, 445 (¶3) (Miss. Ct. App. 2013) (quoting *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009)). Notwithstanding the abandonment of these errors as mentioned by the State, a review of the record indicates Thompson's claims regarding the indictment are without merit. Thompson overlooked or failed to acknowledge the grand jury foreperson's affidavit and accompanying signature. The record is also clear that the indictment was signed as a "True Bill" by Assistant District Attorney Kristen Martin. Thompson's name was correctly included in the charging portion of the indictment. We find these claims to be waived and also without merit.

¶8. Thompson also argues, for the first time on appeal, that the indictment is defective because it does not include the phrase "against the peace and dignity of the state." Thompson's indictment includes the phrase "against the peace and dignity." And even if that phrase had been omitted, Thompson would not be entitled to relief. Article 6, Section 169 of the Mississippi Constitution provides in part that "all indictments shall conclude 'against the peace and dignity of the state.'" While our courts have enforced this constitutional requirement, "it is a matter of the form of the indictment." *Johnson*, 247 So. 3d at 302 (¶5) (citing *Brandau v. State*, 662 So. 2d 1051, 1055 (Miss. 1995)). Formal defects are waived by a valid guilty plea. *Id*. The circuit court found that Thompson's guilty pleas were valid.

A review of the transcript in the record before this Court demonstrates that Thompson entered his guilty pleas freely, voluntarily, knowingly, and intelligently. We find that these issues were waived and that they are without merit.

## II.     Legality of Sentence

¶9.     Thompson maintains that he should not have been sentenced as a nonviolent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).  He reasons that he is serving illegal sentences.  Thompson's three prior convictions were listed in an exhibit to the indictment.  Further, the sentencing orders related to his prior three convictions were discussed and entered into evidence during the guilty-plea sentencing hearing without objection. "[F]ailure to object to a habitual-offender enhancement during sentencing procedurally bars a defendant from raising that issue on appeal." *Martin v. State*, 214 So. 3d 217, 220 (¶6) (Miss. 2017) (citing *Cummings v. State*, 465 So. 2d 993, 995 (Miss. 1985)). "A plea is considered 'voluntary and intelligent' when the defendant knows the elements of the charge against him, understands the charge's relation to him, what effect the plea will have, and what sentence the plea may bring." *Willis v. State*, 66 So. 3d 740, 743 (¶9) (Miss. Ct. App. 2011) (citing *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992)). As previously stated, upon review of the record, this Court finds that Thompson freely, voluntarily, knowingly, and intelligently entered his guilty pleas.  Thompson never raised this issue prior to entering such plea.[1]  This issue is waived and also without merit.

---

[1] It is worth noting that Thompson was given illegally lenient sentences because he was not sentenced to the "maximum term of imprisonment," as required by section 99-19-81. The Mississippi Supreme Court has stated that "when the error benefits the defendant in the form of a more lenient sentence, it is harmless error." *Sweat v. State*, 912 So. 2d 458,

### III. All of the Remaining Claims of Error

¶10. Thompson presents several claims on appeal that were not included in his PCR "motion to quash indictment." "This Court declines to consider matters which were never presented or argued in the trial court and are not part of the record before us today." *Hampton v. State*, 148 So. 3d 992, 995 (¶7) (Miss. 2014). Any assignments of error not raised in the subject PCR motion are not properly before this Court and will not be addressed.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**

---

461 (¶9) (Miss. 2005).